IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| JOHN STEVEN SMITH, | ) |
|     PLAINTIFF, | ) ) ) |
| v. | )   CIVIL ACTION NO. _____ ) |
| GENERAL MOTORS LLC, | ) ) |
|     DEFENDANT. | ) ) |

NOTICE OF REMOVAL

Defendant General Motors LLC ("GM LLC" or "Defendant") hereby gives notice of the removal of the above-styled action to the United States District Court for the Eastern District of Tennessee, Winchester Division. Removal is proper under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Pursuant to 28 § U.S.C. 1446(a), copies of all the process, pleadings, and orders served upon Defendant are attached as **Exhibit A** to this Notice. The State Court's entire file, as of September 16, 2019, is attached as **Exhibit B.**

As grounds for removal, GM LLC states as follows:

BACKGROUND

1. Plaintiff John Steven Smith ("Plaintiff") initiated this action on August 13, 2019, by filing of the Summons and Complaint in the Circuit Court of Lincoln County, Tennessee, Case No. 19-cv-80.

2. According to the Complaint, Plaintiff was operating a 2014 GMC Sierra pickup truck (the "Subject Vehicle") when he lost control of the vehicle and left the roadway, striking a

tree head-on. Compl., ¶ 4. Plaintiff further alleges that Subject Vehicle's airbags failed to deploy, allegedly causing Plaintiff to suffer "severe personal injuries." *Id.* at ¶¶ 5-6.

3. Based on these allegations, Plaintiff asserts claims against GM LLC for negligence, breach of warranty, and failure to warn. *Id.* ¶¶ 10-28. Plaintiff seeks compensatory damages in the amount of $1,000,000, unspecified punitive damages, and "any other relief to which he may be entitled." *Id.*, *ad damnum* clause, ¶¶ 1-3.

## GROUNDS FOR REMOVAL

4. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

5. This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because plaintiff and GM LLC are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## THE PARTIES ARE DIVERSE

6. According to the Complaint, plaintiff is a resident and citizen of Lincoln County, Tennessee. Compl., ¶ 1.

7. At all relevant times, Defendant GM LLC was and is a Delaware limited liability company with its principal place of business in Michigan. GM LLC is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent

owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan. Thus, GM LLC is a citizen of Michigan and Delaware. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) citizenship of LLC is determined by the citizenship of its members); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (same).

8. Accordingly, there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b).

### THE AMOUNT IN CONTROVERSY IS SATISFIED

9. Plaintiff's complaint alleges that he suffered "severe personal injuries" as a result of the allegedly defective condition of the Subject Vehicle, Compl., ¶ 7, and he seeks compensatory damages in the amount of $1,000,000.00. Compl., *ad damnum* clause, ¶ 1.

10. Plaintiff also seeks unspecified punitive damages and "any other relief to which he may be entitled." *Id.*, *ad damnum* clause, ¶¶ 2-3.

11. Therefore, it is apparent, based on the face of the Complaint, that the requisite amount in controversy is satisfied. *See* 28 U.S.C. § 1332(a).

### REMOVAL IS TIMELY AND PROPER

12. Pursuant to 28 U.S.C. §1446(b)(1), a notice of removal is to be filed within 30 days after the receipt by the defendant of a copy of the initial pleading.

13. GM LLC was served with Summons and a copy of the Complaint in this matter via personal delivery on its registered agent Corporation Services Company at 2908 Poston Avenue, Nashville, Tennessee 37203 on August 19, 2019. *See* Exhibit A at p. 1.[1] Therefore, this Notice of Removal is being filed within the thirty-day deadline as required by §1446(b)(1).

---

[1] Although GM was served via its registered agent on August 19, 2019, the state court's docket indicates that GM LLC may have been served on August 16, 2019. *See* Exhibit B. GM LLC is

3

14. This Court is the proper venue because the United States District Court for the Eastern District of Tennessee, Winchester Division encompasses the geographic area of the Circuit Court of Lincoln County, Tennessee.

15. Contemporaneous with this filing, a copy of the Notice of Removal, along with the notice of filing notice of removal, is being filed with the clerk of the State Court of Lincoln County, Tennessee, as required by 28 U.S.C. § 1446(d). (An unsigned copy of the Notice of Filing of Notice of Removal to be filed with the state court is attached as **Exhibit C**).

16. Written notice of this filing also will be served upon plaintiff.

17. By filing this Notice of Removal, GM LLC does not waive its right to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

18. If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery if needed.

WHEREFORE, Defendant GM LLC prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Lincoln County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

---

removing this action within thirty days of August 16, 2019, out of an abundance of caution but does not waive and expressly reserves all rights, defenses, and arguments available to it under the Federal Rules of Civil Procedure, including but not limited to, insufficiency of process and insufficiency of service of process.

/s/ *Amie A. Vague*
One of the Attorneys for Defendant General Motors LLC

OF COUNSEL:
Rachel M. Lary (application for *pro hac vice* forthcoming)
*rlary@lightfootlaw.com*
Amie A. Vague (BPR No. 32410)
*avague@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, I served a copy of the foregoing via the Court's CM/ECF system and by distributing a copy of the same in the U.S. Mail, postage prepaid, addressed to the following counsel of record:

C.J. Gideon, Jr.
GIDEON, COOPER & ESSARY, PLC
315 Deaderick Street, Suite 1100
Nashville, Tennessee 37238

Raymond W. Fraley, Jr.
FRALEY & HILL
205 East Market Street
Post Office Box 572
Fayetteville, Tennessee 37334

*Attorneys for Plaintiff John Steven Smith*

                                                  */s/ Amie A. Vague*
                                                  Of Counsel